# UNITED STATES DISTRICT COURT
for the
Eastern District of California

**FILED**
NOV 29 2018
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

| | |
|---|---|
| United States of America<br>v.<br><br>**Guillermo Jose Leon RAMIREZ**<br><br>_____<br>*Defendant(s)* | ) <br> ) <br> )  Case No.<br> ) <br> )  **2:18-MJ-238   KJN**<br> ) <br> ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __November 28, 2018__ in the county of __Butte__ in the __Eastern__ District of __California__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in possession of ammunition that moved in interstate commerce. |

This criminal complaint is based on these facts:

(see attachment)

☒ Continued on the attached sheet.

_____
*Complainant's signature*

DEA Special Agent Karl Schmid
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __Nov 29 2018__

_____
*Judge's signature*

City and state: __Sacramento, CA__    Kendall J. Newman, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT OF DEA SPECIAL AGENT KARL SCHMID IN SUPPORT OF A CRIMINAL COMPLAINT

I, Drug Enforcement Administration ("DEA") Special Agent Karl Schmid, being duly sworn, hereby state:

## SCOPE OF REQUESTED CRIMINAL COMPLAINT

1. This affidavit is made in support of an application for a criminal complaint against Guillermo Jose Leon RAMIREZ for being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1).

## BACKGROUND AND EXPERTISE

2. I am a Special Agent of the United States Department of Justice, Drug Enforcement Administration ("DEA"). I have been a DEA Special Agent since July 2012. Prior to working for DEA, I was employed as a police officer for the City of Virginia Beach Police Department from 2005 to 2012. I am currently assigned to the DEA Sacramento District Office charged with investigating major drug trafficking organizations operating in the Eastern District of California.

3. As a DEA special agent, I have assisted in the execution of search warrants on many occasions for controlled substances and/or related paraphernalia, indicia, and other evidence of violations of federal drug statutes. I have participated in investigations targeting individuals and organizations trafficking cocaine, heroin, marijuana, methamphetamine, illegally distributed controlled pharmaceuticals, and counterfeit pharmaceuticals.

4. During the course of my career as a police officer and DEA special agent, I have participated in multiple drug investigations. Through my training, experience, and interaction with other experienced special agents, task force agents, and other drug investigators, I have become familiar with the methods employed by drug traffickers to smuggle, safeguard, store, transport, and distribute drugs; to collect and conceal drug related proceeds; and to communicate with other participants to accomplish such objectives. These methods include the use of telephones, pre-paid or debit calling cards, public telephones, wireless communications technology such as paging devices and cellular telephones, counter-surveillance, elaborately planned smuggling schemes tied to legitimate businesses, and use of codes in communications in an attempt to avoid detection by law enforcement. Based on my training and experience, I also know that

1

violators of the controlled substances laws often purchase telephones or subscribe to telephone service using false names and/or other individuals' names to avoid detection by law enforcement.

5. I have received specialized training in matters related to drug investigations including, but not limited to, drug interdiction, drug detection, money laundering techniques and schemes, drug identification, asset identification and removal, and pharmaceutical investigations, from the DEA. In total, I have received over 500 hours of comprehensive formalized classroom instruction in those areas outlined above.

6. During the course of these investigations, I have become familiar with the manner in which drug traffickers use telephones, often cellular telephones, to conduct their illegal operations. I have participated in at least five separate wire interception cases. I have previously written at least four wire interception affidavits. Furthermore, I have served as both a monitor and wire room supervisor on at least five federal wiretap investigations. Additionally, I have attended the California Department of Justice's eight-hour wire interception certification course, as set out in California Penal Code § 629.94.

7. In addition to my personal knowledge, this affidavit is based on (1) information I obtained from related investigations; conversations with other law enforcement officers including oral and written investigative and laboratory reports that I received directly or indirectly from other law enforcement officials; (2) review and analysis of information received from subpoenas and search warrants, such as GPS tracking data; (3) physical surveillance conducted by law enforcement officials reported to me either directly or indirectly; (4) a review of video and audio recordings captured before, during, and after controlled purchases; (5) a review of public records, telephone toll records, and subscriber information; (6) information provided from confidential sources of information, cooperating defendants, and other sources of information working with law enforcement agencies; (7) a review of driver's license and automobile registration records; (8) records from various law enforcement databases, including but not limited to the National Law Enforcement Telecommunications System ("NLETS") and the National Crime Information Center ("NCIC"); (9) my training and experience as a DEA agent and; (10) the training and experience of other law enforcement officials with whom I consulted during this investigation and the preparation of this Affidavit.

8. I am an "investigative or law enforcement officer" of the United States within the meaning of 18 U.S.C. § 2510(7) and Rule 41(a)(2)(C), in that I am an officer of the United States empowered by law to conduct criminal investigations and make arrests for offenses enumerated in 18 U.S.C. § 2516.

9. Because this affidavit is submitted for the limited purpose of supporting the requested criminal complaint, I have not included the details of every aspect of the investigation. I have set forth only the facts that I believe are necessary to establish a foundation for the criminal complaint and arrest warrants.

## STATEMENT OF PROBABLE CAUSE

### *Background of the Investigation*

10. Since September 2018, agents from the DEA Sacramento District Office and members of the Butte County Inter-agency Narcotics Task Force, collectively "the Investigating Agencies," have been conducting a joint investigation into William VOLLENDROFF, Justin GARCIA, Guillermo Jose Leon RAMIREZ, and others related to a conspiracy to distribute counterfeit oxycodone tablets and to possess counterfeit oxycodone tablets with the intent to distribute them, within the Eastern District of California. Specifically, the Investigating Agencies have determined that these counterfeit oxycodone tablets contain the controlled substance fentanyl and based on telephone negotiation that the conspirators are capable of distributing 1000 or more tablets at one time.

11. The Investigating Agencies have conducted two controlled purchases of counterfeit oxycodone tablets using a confidential source from VOLLENDROFF. Through physical surveillance and electronic surveillance, including precise location information, telephone toll record analysis, and telephone pen registers, agents have identified GARCIA and RAMIREZ as individuals believed to be involved with VOLLENDROFF's distribution of counterfeit tablets.

12. The above-mentioned investigative techniques have allowed the Investigating Agencies to identify the address 7040 Fulton Avenue, Palermo, California, as VOLLENDROFF's known residence, 2115 4th Street, Oroville, California, as GARCIA's residence, and 331 Lausen Street, Oroville, California, as RAMIREZ's known residence.

### *Execution of a Search Warrant at 331 Lausen Street*

13. Based on information gathered during this investigation, I authored federal search warrants for the above-mentioned residences of VOLLENDROFF, GARCIA, and RAMIREZ. Specifically, on November 26, 2018, the Honorable Kendall J. Newman, Eastern District of California, authorized a search warrant (2:18-SW- 0955 KJN) for 331 Lausen Street, Oroville, California, which included two trailers and a small house.

14. On November 28, 2018, at approximately 8:00 a.m., agents executed the search warrant at 331 Lausen Street. Agents knocked and announcement at the doors of both trailers and the small house. While conducting the knock and announcement at the trailer that is identified as white in color and covered by a blue tarp, referred to as Trailer #2, RAMIREZ opened the door for agents. RAMIREZ was compliant with agent's commands to exit Trailer #2. Agents completed an initial safety sweep of Trailer #2 and no other people were located inside Trailer #2. Of note, when RAMIREZ answered the door he was only wearing underwear and appeared to have been sleeping.

15. After the initial safety sweep was completed, agents conducted a thorough search of Trailer #2. During the search, agents located two plastic bags containing multiple cartridges of .223 caliber ammunition (pictured below).



16. This .223 caliber ammunition was located inside the small stove by the front door of Trailer #2. Also located during the search of Trailer #2 were items of indicia in RAMIREZ's name, RAMIREZ's cellular telephone, and RAMIREZ clothing. Due to the confined space of the trailer, RAMIREZ's bed was in the same room as the oven where the .223 caliber ammunition was found.

4

17. While the search of Trailer #2 was ongoing, I read RAMIREZ his *Miranda* warnings and asked him if he understood them. RAMIREZ said he did. I asked RAMIREZ if he was willing to speak with me and another agent with me. RAMIREZ said he was willing to speak to us. Below is a small portion of my discussion with RAMIREZ.

18. During my initial questioning, I again informed RAMIREZ why agents were searching his property and specifically, Trailer #2. I asked RAMIREZ if we would find any drugs or guns on the property. RAMIREZ was said we would not find any drugs on the property and stated, "the only thing you will find is some ammunition in my trailer." I asked RAMIREZ if there was also a gun in Trailer #2 and he said there was no gun in the trailer, just the ammunition. RAMIREZ also told me the ammunition was located in the stove of the trailer.

19. I subsequently examined the .223 ammunition found in Trailer #2 and sent photographs of the .233 ammunition to an agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives, who specializes in the identification of firearms and ammunition. The agent indicated some of these .223 cartridges were manufactured outside the state of California, and, therefore, moved in interstate commerce.

20. I also reviewed RAMIREZ's criminal history. In 2002, RAMIREZ was convicted of a violation of the California Penal Code Section 261, 5(D), a felony, Unlawful sex with a minor under the age of 16 by a person 21 years or older.

## *Conclusion*

21. Based on the above information, there is probable cause to believe that on or about November 28, 2018, RAMIREZ was a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1).

22. Given these fact, I respectfully request that a criminal complaint issue against Guillermo Jose Leon RAMIREZ for this violation.

I swear, under the penalty of perjury, that the foregoing information is true and correct to the best of my knowledge, information, and belief.

Karl Schmid, Special Agent
Drug Enforcement Administration

Sworn and subscribed to me
on Nov. 29, 2018.

Hon. Kendall J. Newman
United States Magistrate Judge

Approved as to form:

Jason Hitt
Assistant United States Attorney

6